IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
XPRESS MOTORSPORTS, INC.,        )
DAVE FUGE,                       )
                                 )
      Plaintiffs,                )
                                 )
      v.                         )    1:05CV143
                                 )
SUNDANCE MOTORSPORTS, LLC,       )
AGNES M. FERRETTI,               )
                                 )
      Defendants.                )
```

MEMORANDUM OPINION AND ORDER

OSTEEN, District Judge

　　Plaintiffs Xpress Motorsports, Inc. ("Xpress") and Dave Fuge filed this action against Defendants Sundance Motorsports, LLC ("Sundance") and Agnes M. Ferretti seeking a declaratory judgment and making claims under state law. Defendants have asked the court to transfer this case to the Central District of California.

　　This suit arises out of a failed business relationship between Xpress, a Missouri company with a place of business in North Carolina, and Sundance, a California company with its principal place of business in California. Pursuant to the relationship, each company spent money to finance a truck racing team, in which both would have an interest. The relationship soured, and each company now claims that the other must reimburse it for these expenditures. Plaintiffs filed suit in Superior

Court, Rowan County, North Carolina, and Defendants removed the case to federal court.

Defendants have now filed a motion asking the court to transfer this case under 28 U.S.C. § 1404(a). According to that statute, an action may be transferred "[f]or the convenience of the parties and witnesses [and] in the interest of justice." In considering a motion to transfer under § 1404(a), a "court should refrain from transferring venue if to do so would simply shift the inconvenience from one party to another." Tools USA & Equip. Co. v. Champ Frame Straightening Equip., Inc., 841 F. Supp. 719, 721 (M.D.N.C. 1993). In deciding whether to transfer a case, a court should consider, among other factors not relevant to this action,[1] the following: (1) the plaintiff's initial choice of forum; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of witnesses; (4) other practical problems that might affect trial efficiency; (5) local interest in having localized controversies settled at home; (6) the appropriateness of having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (7) avoidance of unnecessary problems

---

[1] In other contexts, a court might also consider the possibility of a view of the premises; the enforceability of a judgment, if one is obtained; the relative advantages and obstacles to a fair trial; and the administrative difficulties of court congestion. Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996).

with conflicts of laws.  <u>Plant Genetic Sys., N.V. v. Ciba Seeds</u>, 933 F. Supp. 519, 527 (M.D.N.C. 1996).

These factors do not weigh in favor of a transfer of this case.  The factors dealing with access to evidence and cost appear to be equally balanced; although Defendants' witnesses and documents are located in California, Plaintiffs' witnesses and documents are located in North Carolina, and regardless of where the case takes place, one side will be forced to bear the burden of travel.  The factors dealing with local interest and choice of law are similarly balanced.  The controversy is not localized, and both North Carolina and California have an interest in the companies that operate within their borders.  Furthermore, the court is not able to determine from the pleadings whether California or North Carolina law will control the outcome of this case.

Weighing against transfer is the fact that Plaintiffs have chosen North Carolina in which to bring their action.  In some situations, a plaintiff's choice is not given weight for the purposes of a motion to transfer, such as when the cause of action has little relation to the forum state, <u>Parham v. Weave Corp.</u>, 323 F. Supp. 2d 670, 674 (M.D.N.C. 2004), or when a declaratory judgment action is filed to prevent the party with the underlying cause of action from selecting the forum, <u>see, e.g.</u>, <u>Burlington Indus., Inc. v. Yanoor Corp.</u>, 178 F. Supp. 2d 562, 570 (M.D.N.C. 2001).  Contrary to Defendants' arguments, neither situation is present here.  Plaintiffs' cause of action

3

has a connection to North Carolina: Xpress is located in North Carolina, and much of Xpress's business with Sundance was conducted in North Carolina. Furthermore, since Plaintiffs have filed not only a declaratory judgment action but also their own state law claims, it appears that the suit was more than an attempt to preempt Defendants' choice of forum. Thus, Plaintiffs' choice of forum deserves appropriate weight. See, e.g., Burlington Indus., 178 F. Supp. 2d at 570 (giving weight to a plaintiff's choice of venue in a similar situation).

Because Plaintiffs' choice of forum weighs against transfer and no other factors weigh strongly in favor of transfer, the court concludes that transfer to the Central District of California would not be appropriate.

IT IS ORDERED that Defendants' Motion to Transfer [9] is DENIED.

This the 30th day of January 2006.

/s/ William L. Osteen
United States District Judge